UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------  X
SEDDIQ ELAMRANI, on behalf of himself, individually,
and all others similarly-situated,

                         Plaintiff,

             -against-

HENRY LIMOUSINE, LTD. and AVRAHAM MAZOUZ,
in his individual and professional capacities,

                        Defendants.
-------------------------------------------------------------------------------  X

**COMPLAINT**

**Docket No.:15-cv-2050**

<u>Jury Trial Demanded</u>

      SEDDIQ ELAMRANI ("Plaintiff"), on behalf of himself, individually, and all others similarly-situated, ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against HENRY LIMOUSINE, LTD. ("Company") and AVRAHAM MAZOUZ ("Mazouz"), in his individual and professional capacities, (both, collectively, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

<u>**NATURE OF THE CASE**</u>

    1.    This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's minimum wage provisions, NYLL § 652(1); (v) the NYLL's requirement that employers pay wages to their employees pursuant to the terms of employment, NYLL §§ 190,

191, and 663(1); (vi) the NYLL's requirement that employers distribute gratuities and/or charges passed on from customers purporting to be gratuities to their employees, NYLL § 196-d; (vii) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2.      While he worked for Defendants off and on for years, from January 2010 until December 2013, the period relevant to this lawsuit, Plaintiff worked for Defendants, a taxi and limousine car service company and its owner, as a driver, working solely within New York, and providing transportation for corporate events, airport trips, and birthday parties. Throughout that period of his employment, as described below, the Defendants required Plaintiff to work, and Plaintiff did in fact work, between seventy and one hundred hours per week. Defendants, however, completely failed to pay Plaintiff for the hours that he worked in excess of forty each week at any rate of pay, let alone his overtime rate of pay, his straight time rate of pay, or even the minimum wage rate. Moreover, Defendants also failed to pay Plaintiff all of the money that they charged their customers that purported to be gratuities intended for Plaintiff. Additionally, Defendants failed to provide Plaintiff with proper, accurate wage statements on each payday as the NYLL requires.

3.      Defendants paid and treated all of their intrastate drivers in this manner.

4.      Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

5.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself and all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

7.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

8.      At all relevant times herein, Plaintiff was and is a resident of the State of New York and is an "employee" entitled to protection as defined by the FLSA and NYLL.

9.      At all relevant times herein, Defendant Henry Limousine, Ltd. was and is a domestic limited liability company organized under the laws of the State of New York with its principal place of business located at 11-01 43rd Avenue, Long Island City, New York, 11101. The Company is registered with the New York State Department of State to receive service of process at that same address.

10.     At all relevant times herein, Defendant Mazouz was and is the owner and/or co-owner and/or primary shareholder of the Company who was personally responsible for all matters with respect to determining the Company's intrastate drivers' rates and methods of pay

3

and hours worked, and who had the power to hire and fire, and routinely used this power to hire and/or fire employees of the Company, including all intrastate drivers.

11.     At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCCRR.   Additionally, Defendants' qualifying annual business exceeded and exceeds $500,000, and Defendants were engaged in interstate commerce within the meaning of the FLSA as their business operations hinged on the use of cars, car parts, gasoline, and oil that originated in and/or traveled through states other than New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.   Furthermore, all of Defendants' employees, including Plaintiff and the FLSA Plaintiffs, were individually engaged in interstate commerce, as they all frequently drove cars that originated from out of state and process and processed credit card transactions with companies located outside of New York.   This independently subjects the Defendants to the overtime requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, minimum wages, and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as intrastate drivers who give consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them for the time worked in excess of forty hours per week; and/or (2) minimum wages that are legally due to them ("FLSA Plaintiffs").

13.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: performed similar tasks, as described in the "Background Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were not paid at an amount equal to the minimum hourly required rate of pay for all hours worked; were required to work in excess of forty hours each workweek; and were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek over forty.

14.     At all relevant times, the Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the minimum hourly required rate of pay for all hours worked, as well as the rate of one and one-half times their respective rates of pay for all hours worked each workweek above forty, yet they purposefully chose not to do so.

15.     Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees minimum wage for all hours worked per workweek and overtime compensation for all hours worked each week over forty.

### RULE 23 CLASS ALLEGATIONS

16.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), individually on his own behalf, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, the Defendants subjected to violations of the NYLL and the NYCCRR.

17.     Under FRCP 23(b)(3), a plaintiff must plead that:

a.     The class is so numerous that joinder is impracticable;

b.     There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c.     Claims or defenses of the representative are typical of the class;

    d.    The representative will fairly and adequately protect the class; and

    e.    A class action is superior to other methods of adjudication.

18.    The Rule 23 Class that Plaintiff seeks to define includes:

> Current and former employees of Defendants who performed any work for Defendants as intrastate drivers during the statutory period within the State of New York who: (1) did not receive compensation at the legally-required minimum rate of pay for all hours worked; (2) worked in excess of forty hours per week without receiving overtime compensation; (3) did not receive compensation in accordance with their agreed terms of employment; (4) did not receive all gratuities and/or charges purporting to be gratuities passed on from customers and intended for them as required by NYLL § 196; and/or (5) were not issued accurate or any pay stubs/wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3) ("Rule 23 Plaintiffs").

<u>Numerosity</u>

19.    During the previous six years Defendants have, in total, employed at least forty intrastate drivers that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

20.    There are common questions of law and fact that govern the claims that are available to each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants denied the Rule 23 Plaintiffs compensable time for all hours worked; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective straight-time rates of pay for hours worked per week over forty or at the legally-prescribed minimum wage rate or their respective

straight-time rates for each hour worked; whether the Defendants compensated and compensate the Rule 23 Plaintiffs with tips that Defendants' customers left with Defendants to be provided to the Rule 23 Plaintiffs; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour worked by the Rule 23 Plaintiffs; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' actions were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

21.     As described in the Background Facts section below, during the period of time relevant to this lawsuit, Defendants employed Plaintiff as an intrastate driver within New York. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, within New York, as intrastate drivers, whom the Defendants paid for only the first forty hours worked per week regardless of hours actually worked. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid the minimum wage for all hours worked, their full straight-time rate for all hours worked up to forty, and one and one-half times their straight-time rates for all hours worked per week in excess of forty, to receive all gratuities left for them by Defendants' customers, and to be furnished with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a

result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury including lack of compensation or under-compensation due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

<u>Adequacy</u>

22.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout the period of his employment with Defendants relevant to this lawsuit. The Defendants did not pay Plaintiff overtime pay for his hours worked over forty each week during that period, compensate Plaintiff for all hours worked at the minimum wage rate or his straight-time rate, or provide Plaintiff with all gratuities that customers left for him, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs. Plaintiff is no longer employed with the Defendants, and thus has no fear of retribution for his participation in this action. Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer, and otherwise participating in the discovery process. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

<u>Superiority</u>

23.     Defendants treated Plaintiff and the Rule 23 Plaintiffs in a substantially similar manner. As such, the material facts concerning Plaintiff's claims are substantially similar, if not identical, to the material facts concerning the Rule 23 Plaintiffs' claims.

24.     Any lawsuit brought by one of the Rule 23 Plaintiffs for Defendants' violations of the NYLL and the NYCCRR would be practically identical to a suit brought by any other Rule 23 Plaintiff for the same violation.

25.     Accordingly, a class action lawsuit would be superior to any other method for protecting the Rule 23 Plaintiffs' rights.

26.     In addition, Plaintiff's attorneys are qualified, experienced, and able to conduct this litigation.  Plaintiff's attorneys' practice is concentrated primarily in the field of employment law and they have extensive experience in handling class action lawsuits arising out of employers' violations of the provisions of the NYLL and the NYCCRR at issue in this case.

## BACKGROUND FACTS

27.     Defendant Henry Limousine, Ltd. is a taxi and limousine company providing transportation for corporate events, airport trips, and birthday parties, within New York.  Its headquarters is located at 11-01 43rd Avenue, Long Island City, New York, 11101.

28.     Defendant Mazouz controls, owns, operates, and makes all managerial decisions with respect to rates and methods of pay of the Company's employees and the hours that the Company requires its employees to work.

29.     Defendant Mazouz has final say over all managerial decisions and exercises that authority on a daily basis with respect to all employees of the Company, including Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs.  For example, Defendant Mazouz hired and fired Plaintiff, and was the person Plaintiff complained to about payroll, work hours, and other job-related issues.

30.     Plaintiff's employment at the Company, as is relevant to this lawsuit, spanned from in or around August 2010 until in or around December 2013.

9

31.     Plaintiff's position with the Defendants was as a taxi and limousine driver, providing transportation to the Company's clients for corporate events, airport trips, and birthday parties, all within New York City and/or New York State. Other employees performing the same duties as Plaintiff transported Defendants' clients to and from their destinations as well within New York State.

32.     From August 2010 to December 2013, the Defendants required Plaintiff to work, and Plaintiff did in fact work, seventy to almost one hundred hours each week, on Mondays through Fridays (and sometimes including weekends), mostly from 12:00 p.m. noon until anytime between 2:00 a.m. and 7:00 a.m the next morning, for a total of anywhere between fourteen and nineteen hours per day.

33.     For instance, during the month of December 2013, Plaintiff worked ninety-five hours per week during two separate weeks.

34.     From August 2010 until December 2012 the Defendants paid Plaintiff $1,200.00 per week, regardless of the amount of hours that he worked each week, with this amount intended to cover the first forty hours of work per week, which amounts to a rate of $30.00 per hour for his first forty hours worked per week.

35.     Starting in January 2013, the Defendants reduced the wage rates for their employees and began paying Plaintiff $800.00 per week, regardless of the amount of hours that he worked each week, with this amount intended to cover the first forty hours of work per week, which amounts to a rate of $20.00 per hour for his first forty hours worked per week.

36.     When Defendants decreased the wage rates in January 2013, they also included an incentive that the Defendants would institute a mandatory charge to their customers of twenty percent of the bill, which would be a tip to the driver. Each of Plaintiff's customers in 2013 paid

this charge. If Plaintiff took payment in cash from the customers, Plaintiff would receive his twenty percent gratuity. Alternatively, if Plaintiff took payment via credit card transaction, the Defendants would keep some of the gratuity for themselves and not pay all of it to Plaintiff.

37.     Throughout Plaintiff's period of employment relevant to this action, the Defendants failed to pay Plaintiff at any rate of pay for all hours that Plaintiff worked per week in excess of forty.

38.     The Defendants paid Plaintiff on a weekly basis.

39.     On those occasions when they paid Plaintiff, Defendants intentionally failed to provide Plaintiff with proper wage statements that accurately reflected the amount of hours that he worked, his regular rate of pay, or his overtime rate of pay for each hour worked over forty in a given workweek.

40.     The Defendants operated in this manner with respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.

41.     The Defendants engaged in the practices as described herein in an effort to maximize their profits while minimizing their labor costs.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

42.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

44.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

11

45.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours each week, yet the Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

46.     The Defendants' actions were in willful violation of the FLSA.

47.     Plaintiff and FLSA Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective standard rates of pay.

48.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Minimum Wage Violations of the FLSA*

49.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

51.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

52.     As also described above, the Defendants did not compensate Plaintiff and FLSA Plaintiffs at the minimum hourly rate required by the FLSA for all hours worked.

53.     The Defendants' actions were in willful violation of the FLSA.

54.     At the least, Plaintiff and FLSA Plaintiffs are entitled to payment at the minimum wage for every hour they worked for Defendants pursuant to FLSA's minimum wage provisions.

55.     Plaintiff and FLSA Plaintiffs are entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's minimum wage provisions.

12

## THIRD CLAIM FOR RELIEF AGAINT DEFENDANTS
### *Unpaid Overtime under the NYLL and NYCCRR*

56.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57.     NYLL § 160 and NYCCRR tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

58.     Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

59.     Plaintiff and Rule 23 Plaintiffs worked in excess of forty hours each week, yet the Defendants failed to compensate Plaintiff and Rule 23 Plaintiffs in accordance with the NYLL's and NYCCRR's overtime provisions.

60.     The Defendants' actions were in willful violation of the NYLL and NYCCRR.

61.     Plaintiff and Rule 23 Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective standard rates of pay.

62.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for the Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Minimum Wage Violations of the NYLL and NYCCRR*

63.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64.     NYLL § 652(1) and the executing provisions of 12 NYCCRR 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

65.     Defendants are employers within the meaning of the NYLL and NYCCRR while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and NYCCRR.

66.     Defendants failed to compensate Plaintiff and Rule 23 Plaintiffs for all hours worked at the minimum hourly rate required by the NYLL and NYCCRR.

67.     The Defendants' actions were in willful violation of the NYLL and NYCCRR.

68.     At the least, Plaintiff and Rule 23 Plaintiffs are entitled to pay at the minimum wage rate for all hours worked each week.

69.     Plaintiff and Rule 23 Plaintiffs are also entitled liquidated damages, interest, and attorneys' fees for the Defendants' violation of the NYLL's and NYCCRR's minimum wage provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay Wages in Violation of the NYLL*

70.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71.     NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

72.     Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

73.     Defendants failed to compensate Plaintiff and Rule 23 Plaintiffs at their regular rates of pay or with all earned wages for each hour that they worked in accordance with their terms of employment.

74.     Defendants' actions were in willful violation of the NYLL.

75.     Plaintiff and Rule 23 Plaintiffs are entitled to recover, at their respective regular rates of pay, for all hours that they worked for Defendants but for which they were not compensated.

76.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay Plaintiff and Rule 23 Plaintiffs their wages in accordance with the agreed terms of employment.

## SIXTH CLAIM FOR RELEIF AGAINST DEFENDANTS
### *Failure to Distribute Tips in Violation of the NYLL*

77.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

78.     As described above, Defendants charged their customers fees purporting to be gratuities for Plaintiff and Rule 23 Plaintiffs, yet they did not distribute the entire amounts charged to Plaintiff and Rule 23 Plaintiffs.

79.     In doing so, Defendants failed to properly distribute to Plaintiff and the Rule 23 Plaintiffs all tips and/or gratuities lawfully due to them as NYLL § 196-d requires.

80.     Defendants' actions were in willful violation of NYLL § 196-d.

81.     Plaintiff and the Rule 23 Plaintiffs are entitled to recover their actual damages due to Defendants' failure to properly distribute all gratuities and/or tips.

82.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violation of NYLL § 196-d .

## SEVENTH CLAIM FOR RELEIF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

83.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

84.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

85.     Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

86.     Defendants willfully failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage statements on each payday containing the criteria required by the NYLL.

87.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $100 for each failure of this sort, up to the statutory cap.

88.     In addition, Plaintiffs and the Rule 23 Plaintiffs are also entitled to attorneys' fees for proving Defendants' violation of NYLL § 195(3).

## DEMAND FOR A JURY TRIAL

89.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

A.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

B.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

C.      An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

D.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

E.      Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

F.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

G.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

H.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and an award of a service payment to Plaintiff;

17

I.      Designation of Plaintiff and his counsel as class/collective action representative under the FLSA and Rule 23;

J.      Pre-judgment and post-judgment interest, as provided by law; and

K.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
      April 13, 2015

                                Respectfully submitted,
                                BORRELLI & ASSOCIATES, P.L.L.C.
                                *Attorneys for Plaintiff*
                                1010 Northern Boulevard, Suite 328
                                Great Neck, New York 11021
                                Tel.:    (516) 248 – 5550
                                Fax.:   (516) 248 – 6027

By:   _____
                                VIVIAN WALTON (VW 6515)
                                ALEXANDER T. COLEMAN (AC 8151)
                                MICHAEL J. BORRELLI (MB 8533)