UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

SEDDIQ ELAMRANI, on behalf of himself
and all others similarly situated,

                Plaintiff,      <u>ORDER</u>

    - against -         CV 2015-2050 (ERK)(MDG)

HENRY LIMOUSINE, LTD. and AVRAHAM
MAZOUZ, in his individual and
professional capacities,

                Defendants.

- - - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    Plaintiff Seddiq Elamrani brings this action against

defendants Henry Limousine, Ltd. and Avraham Mazouz asserting

claims under federal and state law for unpaid overtime wages and

minimum wages and statutory violations under state law.  Seeking to

bring a collective action pursuant to section 216(b) of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et</u> <u>seq.</u>, plaintiff

alleges that he and other similarly situated employees have been

denied minimum wages and overtime compensation as required by the

FLSA.  Framing his motion as a motion for "conditional

certification" under the FLSA,[1] plaintiff moves to compel

---

[1] As the Second Circuit noted in <u>Myers v. Hertz Corp.</u>, 624
F.3d 537 (2d Cir. 2010), although "courts speak of 'certifying' a
FLSA collective action, ... the 'certification' ... is only the
district court's exercise of the discretionary power, upheld in
<u>Hoffmann-LaRoche</u>, to facilitate the sending of notice to potential
class members.  Section 216(b) does not by its terms require any
such device . . ." <u>Id.</u> at 555 n. 10.  The "certification" sought
is simply a "useful 'case management' tool for district courts to
employ in 'appropriate cases'" and not necessary for the

                      (continued...)

defendants to provide contact information of their current and former employees and for permission to notify those employees of the pendency of this action.

For the reasons set forth below, plaintiff's motion to compel and for leave to send a collective action notice[2] is granted.

BACKGROUND

In his Complaint ("Compl.") (DE 1), plaintiff alleges that he worked for defendants as a taxi and limousine driver from August 2010 to December 2013.  Id. at ¶¶ 2, 30; Declaration of Seddiq Elamrani ("Elamrani Decl.") (DE 23-1) at ¶ 1.  Defendants operate a taxi and limousine car service providing transportation for corporate events, airport trips and birthday parties.  Compl. at ¶¶ 2, 27.  Plaintiff alleges that he was required by defendants to work 70 to 100 hours per week, Monday through Friday and sometimes weekends, generally from 12:00 p.m. to between 2:00 a.m. and 7:00 a.m. the next morning.  Id. at ¶ 32.  Defendants paid plaintiff $1,200 per week from August 2010 to December 2012 and $800 per week starting in January 2013.  Id. at ¶¶ 34, 35.  Plaintiff alleges that he was paid the same weekly salary regardless of the number of

---

[1](...continued)
maintenance of a FLSA collective action.  Id. (citing Hoffmann-LaRoche, Inc. v. Sperling, 493 U.S. 165, 169 (1989)).

[2] Because a motion for a collective action notice is separate and distinct from a motion for class certification under Rule 23 of the Federal Rules of Civil Procedure, Myers, 624 F.3d at 555-56, the motion is a pretrial matter within this Court's pretrial reference authority.  See 28 U.S.C. § 636(b)(1)(A) (excepting class certification motions as a pretrial matter within a magistrate judge's authority).

hours he worked each week and his weekly salary was intended to cover only the first forty hours worked per week.  Id. at ¶¶ 34, 35.

Further, plaintiff Elamrani alleges in his declaration that defendants "required me and other drivers to work in excess of forty hours every work week."  Elamrani Decl. at ¶ 6.  However, "[d]efendants maintained a common practice of not paying for all hours worked, including overtime wages [and] . . . deprive[d] us of several hours of overtime pay."  Id. at ¶ 7.  Based on plaintiff's experience working with other drivers, he "know[s] that they worked a similar amount of hours as me and were not paid for all of the hours they worked at their proper rates of pay."  Id. at ¶ 9.

Opt-in plaintiff Elton Mihali also submitted an declaration. Mihali alleges that he worked for defendants as a taxi and limousine driver from March 2011 to November 2014.  Declaration of Elton Mihali ("Mihali Decl.") (DE 22-2) at ¶ 1.  Mr. Mihali's declaration is otherwise identical to that submitted by Mr. Elamrani.  In addition to Mihali, two other former employees have filed consents to join forms.  See ct. docs. 5, 6, 16.  On those forms, each opt-in plaintiff states that he "was required to work for defendants in excess of forty (40) hours per week without being properly compensated for all hours worked or for overtime or spread of hours compensation."  Id.

DISCUSSION

Section 216(b) of the FLSA provides that employees may proceed collectively against an employer:

> An action . . . may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  In determining whether to authorize the sending of notice to potential plaintiffs of the pendency of a collective action brought pursuant to section 216(b) of the FLSA, courts should engage in a two-step inquiry.  See Myers, 624 F.3d at 554-55; Morales v. Plantworks, Inc., 2006 WL 278154, at *2 (S.D.N.Y. 2006).  First, courts should make an initial determination whether there are "potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred."  Myers, 624 F.3d at 554 (citations omitted); see Ahmed v. T.J. Maxx Corp., 2013 WL 2649544, at *7 (E.D.N.Y. 2013).  After discovery has been completed, courts should engage in a second and more heightened stage of scrutiny to determine whether the case should proceed to trial as a collective action or the class should be decertified.  See Myers, 624 F.3d at 555; Greene v. C.B. Holding Corp., 2010 WL 3516566, at *2-*3 (E.D.N.Y. 2010); Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 385 (E.D.N.Y. 2010).

At this initial stage, "the court will look at the pleadings and affidavits" to analyze whether plaintiff and putative class

-4-

members are similarly situated. <u>Iglesias-Mendoza v. La Belle Farm, Inc.</u>, 239 F.R.D. 363, 368 (S.D.N.Y. 2007); <u>Flores v. Osaka Health SPA, Inc.</u>, No. 2006 WL 695675, at *2 (S.D.N.Y. 2006); <u>Morales</u>, 2006 WL 278154, at *1. If the "plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common plan or policy that violated the law,'" the court may authorize that notice be sent. <u>Myers</u>, 624 F.3d at 555 (citation omitted). The "modest factual showing" that plaintiff must make at the conditional certification stage "cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." <u>Id.</u> (internal citations omitted). Although plaintiffs' burden is not onerous, they must provide actual evidence of a factual nexus between their situation and those that they claim are similarly situated rather than mere conclusory allegations. <u>See Flores</u>, 2006 WL 695675, at *3; <u>Morales</u>, 2006 WL 278154, at *3; <u>Levinson v. Primedia Inc.</u>, 2003 WL 22533428, at *1 (S.D.N.Y. 2003).

Defendants challenge some of the facts alleged by plaintiffs. However, such evidence submitted by defendants does not undermine the "modest factual showing" that plaintiffs are required to show at this stage of the litigation. <u>See Sharma v. Burberry Ltd.</u>, 2014 U.S. Dist. LEXIS 124382, at *33-*34 (E.D.N.Y. 2014); <u>Amador</u>, 2013 U.S. Dist. LEXIS 19103, at *3; <u>Winfield v. Citibank, N.A.</u>, 843 F. Supp. 2d 397, 407 (S.D.N.Y. 2012). The Court should not determine

facts or make findings as to credibility at the notice stage.  See
Fan v. Ping's on Mott, Inc., 2014 WL 1512034, at *3 (S.D.N.Y.
2014); Fonseca v. Dircksen & Talleyrand Inc., 2014 WL 1487279, at
*3 (S.D.N.Y. 2014); Chhab v. Darden Rests., Inc., No. 11 Civ. 8345,
2013 U.S. Dist. LEXIS 135926, at *37 (S.D.N.Y. 2013); Hernandez v.
Merrill Lynch & Co., 2012 WL 1193836, at *5 (S.D.N.Y. 2012); In re
Penthouse Executive Club Comp. Litig., 2010 WL 4340255, at *4
(S.D.N.Y. 2012).

Plaintiff has satisfied his modest burden of showing that
similarly situated employees were denied overtime wages.  Plaintiff
Elamrani and Mr. Mihali attest that they worked for defendants as
taxi and limousine drivers but were not paid overtime for those
hours worked in excess of forty per week.  Plaintiff and Mr. Mihali
further state that based on their experience working with other
drivers, other drivers also worked more than 40 hours per week and
were not paid for all of the hours they worked at their proper
rates of pay.  These two affidavits provide sufficient evidence of
a common policy of failing to pay overtime wages.  Although
defendants are correct that the declarations of plaintiff and
Mihali lack detail as to their knowledge of defendants' pay
practices with respect to other drivers, plaintiff's and Mr.
Mihali's assertions that they and other drivers for defendants were
denied overtime pay are sufficient to demonstrate at this stage
that a common policy or practice of failing to pay overtime exists.
See Wang v. Empire State Auto Corp., 2015 WL 4603117, at *8
(E.D.N.Y. 2015) (affidavits of plaintiff and one opt-in stating

that they were employed as drivers and were not paid overtime wages
was sufficient for conditional certification); Kim v. 511 E. 5th
Street, LLC, 985 F. Supp. 2d 439, 449 (S.D.N.Y. 2013) (declaration
of plaintiff and one opt-in, "together, are more than sufficient to
satisfy [plaintiff's] minimal burden at the preliminary
certification stage"); Khamsiri v. George & Frank's Noodle Rest.
Inc., 2012 WL 1981507, at *1 (S.D.N.Y. 2012) (granting conditional
certification based on plaintiff's affidavit stating that she and
other employees who performed "similar" work were not paid overtime
or minimum wages); Li v. Lin, 2011 WL 2848417, at *2 (S.D.N.Y.
2011) (granting conditional certification based on affidavits of
two plaintiffs); Khalil v. Original Homestead Rest., Inc., 2007 WL
7142139, at *3 (S.D.N.Y. 2007) (granting conditional certification
based on statements of plaintiff and one other employee).

Relying on Reyes v. Nidaja, LLC, 2015 WL 4622587 (S.D.N.Y.
2015), defendants contend that more specificity is required to
establish that similarly situated employees exist.  However, in
Reyes, plaintiff submitted only his own affidavit that he and
others were not paid overtime wages.  Here, plaintiff has submitted
two declarations attesting to the fact that there are other drivers
that were not paid overtime and three drivers in addition to
plaintiff have filed consent forms stating that they worked more
than 40 hours each week but did not receive proper compensation.
Moreover, in Reyes, plaintiff sought leave to send a collective
action notice to all non-managerial employees of defendants without
establishing that other employees with different jobs performed the

same work or had similar work schedules, and were subject to the
same policies.  In contrast, here, plaintiff seeks conditional
certification only with respect to other taxi and limousine
drivers.

Defendants argue that the declarations submitted by plaintiff
are deficient because "none of the individuals Plaintiff seeks to
bring within the class have been identified by name."  Defs. Mem.
in Opp. (DE 25) at 4.  On the contrary, three opt-in plaintiffs
have identified themselves by filing consent forms in this action.[3]
Regardless, plaintiff is not required to "'identify similarly
situated employees by name to obtain conditional certification.'"
See Flood v. Just Energy Marketing Corp., 2016 WL 254078, at *3
(S.D.N.Y. 2016) (quoting Hernandez v. Immortal Rise, Inc., 2012 WL
4369746, at *4 (E.D.N.Y. 2012)).

Defendants further argue that plaintiff and Mr. Mihali do not
distinguish between drivers and other employees when they refer to
"non-managerial employees" who were not paid overtime wages.  See
Defs. Mem. in Opp. at 4.  Again, drawing all inferences in
plaintiff's favor, the Court may infer that Mihali's and Elamrani's
references to "non-managerial employees who performed similar
duties as I did" pertain to other drivers.

---

[3] Although two of the opt-ins do not explicitly state that
they worked as taxi and limousine drivers, where there are any
ambiguities in the papers submitted in support of conditional
certification, the Court must draw all inferences in plaintiff's
favor.  See Kim, 985 F. Supp. 2d at 446; Mendoza v. Ashiya Sushi
5, Inc., 2013 WL 5211839, at *4 (S.D.N.Y. 2013).

Defendants' argument that some of their drivers may be exempt from the FLSA is misplaced.  Courts should not weigh the underlying merits of the case on an application for conditional certification. See Herrera v. 449 Rest., Inc., 2016 WL 3647602, at *4 (S.D.N.Y. 2016); Martinez v. Zero Otto Nove Inc., 2016 WL 3554992, at *3 (S.D.N.Y. 2016).

However, as to plaintiff's claim for unpaid minimum wages, the plaintiff has not submitted sufficient evidence to demonstrate existence of a common policy or plan to deny employees minimum wages.  Although plaintiff's  "'burden of proof is low, it is not non-existent -- certification is not automatic.'"  Sanchez v. JMP Ventures, L.L.C., 2014 WL 465542, at *1 (S.D.N.Y. 2014) (quoting Romero v. HB Auto. Group, Inc., 2012 WL 1514810, at *10 (S.D.N.Y. 2012)).  In order to bring a collective action, plaintiff must first show that he, himself, was subject to a FLSA violation.  See Kim, 985 F. Supp. 2d at 447.  According to the allegations in the complaint, even when plaintiff worked 95 hours per week during two weeks in December 2013 at a weekly salary of $800.00, plaintiff was paid above the minimum wage.  See Compl. at ¶¶ 33, 35.  Neither the allegations in the complaint nor Elamrani's affidavit demonstrate that defendants failed to pay him the minimum wage.  See Wang, 2015 WL 4603117, at *11 (granting conditional certification only as to overtime claims of drivers); Sanchez v. Gansevoort Mgmt. Group, Inc., 2013 WL 208909, at *2 (S.D.N.Y. 2013) (granting conditional certification for overtime claim but not minimum wage claim).

Last, defendants request that should the Court grant leave to send a collective action notice, the notice should be modified in two respects.  This Court agrees that the phrase in the second paragraph of section 5 "asked to testify and" should be changed to state "required to submit to a deposition and/or testify at trial, and to."  All references to "delivery drivers" should be changed to either "taxi and limousine drivers" or simply "drivers."  In addition, this Court directs that the two references to "45 days from making of this notice" be changed to a specific date which affords time for mailing the notice and 45 days for prospective collective action members to respond.

<u>CONCLUSION</u>

For the foregoing reasons, plaintiffs' motion for authorization to send notice of the pendency of a collective action and to compel disclosure of names and addresses is granted to the extent discussed.  Plaintiffs must file a proposed revised notice by October 7, 2016.

**SO ORDERED.**

Dated:     Brooklyn, New York
           September 28, 2016

                                   /s/_____
                                   MARILYN D. GO
                                   UNITED STATES MAGISTRATE JUDGE