UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SEDDIQ ELAMRANI, *et al.,*

                Plaintiffs,                    **ORDER**

            – against –                    15 CV 2050 (CLP)

HENRY LIMOUSINE, LTD., *et al.,*

                Defendants.
-------------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

On April 13, 2015, plaintiff Seddiq Elamrani, on behalf of himself and others similarly situated, filed this action against defendants Henry Limousine, Ltd., and Avraham Mazouz (collectively, "defendants"), seeking damages based on a failure to pay proper overtime and minimum wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), § 650 et seq..[1] The parties have consented to the undersigned for all proceedings.

On February 2, 2018, the parties filed a joint letter for FLSA settlement approval. On March 13, 2018, the Court held a fairness hearing on the parties' motion. For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable.

---

[1] On March 29, 2018, the parties stipulated to withdraw their class action claims brought pursuant to Federal Rule of Civil Procedure Rule 23.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The opt-in plaintiffs in this case are all former employees of defendant Henry Limousine Company who, as described in detail below, are alleged to have worked different overtime hours for the defendant employer. After the Complaint was filed in April 2015, four opt-in plaintiffs joined the collective action by filing consent forms with the Court. (Ltr[2] at 2).

On September 29, 2016, Magistrate Judge Go granted plaintiffs' motion for conditional certification of a collective action, and for leave to distribute notice to all those similarly-situated.[3] After the notice was sent to putative members of the collective action, nineteen (19) additional drivers opted-in to the action during the subsequent sixty day opt-in period. (Id.)

On October 4, 2017, the parties participated in a mediation session. (Id.) At the mediation session, the parties discussed potential liability, as well as the proper method to calculate potential damages, and agreed to settle the matter for the twenty-three (23) plaintiffs. (Id.) However, sometime thereafter, one of those twenty-three opt-in plaintiffs, Gabriel Chicoye, decided not to pursue his claims. (Id.) Accordingly, the proposed settlement amount does not include Mr. Chicoye.

Thereafter, another former employee who had not opted in during the sixty-day period, Loukens Jacques, contacted plaintiff's counsel about information on joining the action. The proposed settlement amount includes Mr. Jacques.

---

[2] Citations to "Ltr" refer to the parties' joint letter for FLSA settlement approval, filed by Seddiq Elamrani on February 2, 2018.

[3] See Magistrate Judge Marilyn D. Go's Order, dated September 28, 2016, ECF No. 33. Magistrate Judge Go supervised pretrial matters in this case until it was reassigned to the undersigned on November 28, 2016.

For the reasons set forth below, the Court approves the settlement agreement as fair and reasonable.

## DISCUSSION

1. Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation").  Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

2. Settlement Amount

    a. Damages Calculations

The parties propose a total settlement amount of $260,832.83. (Id. at 3). They calculated this amount based on damages, including liquidated damages, a base amount for each plaintiff, service awards for select plaintiffs, and attorney's fees and costs. Each category is discussed in turn.

        i. Maximum Provable Damages

As an initial matter, in terms of calculating maximum provable damages, the parties explain that defendants paid proper overtime for every hour beginning on January 1, 2013. (Id. at 5). Therefore, the calculations performed for the maximum provable damages under the FLSA are from April 14, 2009, until January 1, 2013. (Id.) The parties calculated the weeks worked during this time period for each plaintiff, and found that the plaintiffs worked, on average, approximately fifty (50) hours per week. (Id.) The parties multiplied each plaintiff's number of hours worked by over forty (40) in a week by the "statutorily-applicable overtime rate" of $10.88. (Id.)

        ii. Liquidated Damages

As for liquidated damages, the parties calculated this amount at 25% of the total overtime amount owed for hours worked prior to April 9, 2011. For hours worked after April 9, 2011,[4] they calculated liquidated damages at 100% of maximum provable damages. (Id.)

---

[4] The Court takes judicial notice that, effective April 11, 2011, the New York legislature amended the NYLL to incorporate the federal standard, increasing the amount of available liquidated damages from 25% to 100%.

4

The parties' submission includes a table with columns for each plaintiff outlining (1) the number of weeks worked prior to 2013; (2) the overtime rate of pay; (3) the maximum provable FLSA damages, including both actual and liquidated recovery amounts; (4) the settlement amount received after deductions for fees and costs; and (5) the percentage of the maximum FLSA damages plus liquidated damages received.  (Id. at 7).  After examining the parties' calculations, the Court concludes that the total settlement amount is fair and reasonable.  The Court has also assessed the parties' methodology in calculating individual damages, and, in light of each plaintiff's hours worked and how long each plaintiff worked for, finds that each plaintiff's portion of the total settlement amount is also fair and reasonable.

In addition to the calculated damages described above, the parties ask the Court to approve additional amounts for each of the twenty-three plaintiffs participating in the settlement, including the named plaintiffs.  (Id.)  The parties contend that these amounts are designed to provide "sufficient value" for each member "to release his claims, regardless of whether the records showed overtime violations or not."  (Id.)  Certain funds on behalf of named plaintiffs have been allocated to compensate those plaintiffs without whom "settlement would not have been possible." (Id. at 7).  As the Court finds that the settlement was reached as a result of arms-length bargaining, and the parties have adequately explained the risks of continuing with litigation and proceeding to trial, the Court approves these amounts.

    b.  Attorney's Fees and Costs

Finally, the settlement awards $84,941.16, or 32.5% of the settlement, in attorney's fees. (Id. at 10-11).  Citing case law in this district routinely awarding 33% as attorney's fees in FLSA

5

actions, the parties assert that the amount of attorney's fees and costs here are reasonable. (Id.) Additionally, the parties include contemporary billing records and use the "lodestar method as a cross check" to "ensure that counsel's fee award is not excessive in relation to the amount of work actually performed." (Id.) The Court notes that the parties here include recent cases where courts in this district and in the Southern District of New York have awarded plaintiffs' firm's requested hourly rate to support the requested hourly rate for each of the firm's partners and junior attorneys. (Id. at 12). The Court finds these attorney's fees reasonable based on both the contingency fee percentage supported by case law in this district, and the lodestar crosscheck.

Finally, the settlement agreement includes an award of $5,009.34 in costs, comprising the filing fee, mediation fees, and postage. (Id. at 12). In support of this requested amount for costs, the parties include an expense statement from plaintiffs. (Id., Ex. C). At the fairness hearing, counsel explained that the costs include the mailing of notices after the Court certified the conditional collective action. The Court finds these costs to be reasonable.

      c. General Releases

The parties point out that the settlement agreement "is limited to any wage and hour claims that Plaintiffs have or may have against Defendants, and does not fall into the category of releases that are so broad and encompassing as to be rejected because they run afoul of standards of fairness and reasonableness." (Id. at 9) (citing Flood v. Carlson Restaurants Inc., 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015); Lopez v. Nights of Cabiria, LLC, 2015 WL 1455689, at *6-7 (S.D.N.Y. March 30, 2015)).

6

Additionally, the parties point out that, while the agreement does contain a mutual non-disparagement clause, it also contains carve-out language permitting plaintiffs to make truthful statements about plaintiffs' experience in litigating their claims. (Id. at 9). The Court finds that the agreement's language adequately protects plaintiffs' interests in accordance with the goals of the FLSA, and approves the agreement accordingly.

    d.  Other Provisions

The Court notes that one of the opt-in plaintiffs, Syed Shah, died after settlement negotiations, but before formalizing the agreement. (Id. at 1). As of March 27, 2018, plaintiff's counsel indicated that he is working with Mr. Shah's estate to fix a clerical error, which currently does not permit the administrator of the estate to settle any matter exceeding the amount of $0.00. (Pls.' 3/27/18 Ltr). Counsel represents that he is currently working with the estate administrator to amend the letters of administration and decree to be able to sign the settlement agreement with defendants in this action. (Id.)

CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of the plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335. Moreover, the Court is

sufficiently familiar with the proceedings in this action, having overseen the settlement process, to assess the fairness of the settlement.

The parties shall file a stipulation of dismissal with prejudice by **August 21, 2018**, with the exception of plaintiff Shah, for whom the Court Orders a status report as to the status of the letters of administration on that date as well.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated:   Brooklyn, New York
         July 19, 2018

*/s/ Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

8